## HASKELL MOTOR CO. v. REMINGTON.
### No. 672.

Court of Civil Appeals of Texas. Eastland.
Feb. 28, 1930.

914

Ratliff & Ratliff, of Haskell, for appellant.
Jesse G. Foster, of Haskell, for appellee.

FUNDERBURK, J.

Haskell Motor Company sued J. W. Remington in justice's court to recover a balance of $95, with interest and attorneys' fees, due upon a note for the original principal sum of $325. Remington pleaded payment and set up a cross-action. Haskell Motor Company failed to recover. Remington had judgment on his cross-action for $179. Haskell Motor Company appealed to the county court. In the county court Remington filed a written answer. In defense of any liability on the note, he pleaded payment by means of a contemporaneous oral agreement, providing that the defendant, who was a painter, should "paint out the car," by which was meant that he agreed to do paint jobs for the original payee, Universal Motor Company, until said note, together with the mortgage given to secure it, was satisfied and discharged. It was alleged that, in pursuance of the oral agreement, he had done several paint jobs for which he was to receive sums aggregating $170; that thereafter plaintiff furnished him no more work, although he presented himself for the purpose, and was ready to finish any such work, by reason of which he discharged his contract as agreed upon, and "that same constitutes a full, final and complete payment of said note and mortgage and all interest thereon, and alleges that he does not now owe the same or any part thereof."

The allegations of the cross-action were briefly to the effect that, after Universal Motor Company dispensed with the defendant's services in doing paint jobs, he went to Graham, Tex., at the instance and request of R. S. Le Sage, principal owner and agent of Universal Motor Company and of Haskell Motor Company (the latter having taken over the assets and liabilities of the former), where he did work for Le Sage amounting to $550, all of which was paid except $179; that Le Sage had proposed to credit said $179 on the note in suit, and over the objection of defendant had paid to plaintiff $140 of said sum. The liability of Haskell Motor Company to pay the $179 balance claimed to be due for the work so done for R. S. Le Sage was predicated upon allegations that, by reason of the facts above summarized, plaintiff was estopped from denying liability because of its adoption of the acts, conduct, and contract of its agent Le Sage, and by receiving the said sum of $140, by which latter act it was alleged that plaintiff had "ratified, confirmed and adopted as its own acts the contract and agreement and liabilities attached thereto between the said defendant and the said plaintiff's agent, R. S. Le Sage."

Plaintiff excepted generally and specially to the defendant's answer and cross-action, the exceptions being overruled.

The jury, in answer to special issues, found:

(1) That, at the time of the execution of the note and mortgage sued upon, there was an oral agreement entered into, whereby defendant should pay said note by painting.

(2) That defendant had complied with said oral agreement.

(3) That nothing was due by the defendant to the plaintiff upon the principal of the note sued on at the time of the institution of the suit.

(4) That defendant did not agree with R. S. Le Sage that the money due him for painting at Graham, Tex., should be applied on the note.

(5) That in dollars and cents the plaintiff was indebted to the defendant in the sum of $148.75.

With respect to the special issue calling for a finding of the amount, if any, due to the plaintiff by the defendant upon the principal of the note, the court instructed the jury that the burden of proof was upon the plaintiff.

From a judgment denying plaintiff any recovery on the note and awarding recovery in favor of the defendant against the plaintiff on the cross-action for $148.75, plaintiff has appealed.

■■ Appellant insists, in the first place, that the defendant's answer, in attempting to plead payment, was subject to general demurrer because of the failure to allege that the contemporaneous oral agreement had been fully performed. It is our view that the oral agreement could not be given the effect of relieving Remington from the obligation to discharge the note by the payment of money according to the terms of the note. To give it such effect would be to permit the terms of a written contract to be varied by an oral agreement under circumstances constituting no exception to the general rule. This does not mean, however, that there could have been no valid agreement by which Remington might have the right to discharge the note by work to be performed for the obligee in the note. A breach of such contract, however, would not have the effect of discharging the note. The injured party would only have recourse to such remedies as would be available for the breach of the oral contract, and independently of the obligations imposed by the terms of the note. The oral contract, as a knowledge of its terms is to be ascertained from the pleading, was not one that could be enforced so long as it remained executory. There was wanting, so far as the allegations disclose, the requisite certainty of subject-matter, and perhaps of mutuality. No obligation, or at least no sufficiently definite obligation, on the part of the Universal Motor Company to furnish work, or in any particular amount or for any particular length of time, was alleged. Had no performance whatever under the agreement been alleged, there would be no difficulty in determining that a general demurrer to the plea of payment should have been sustained upon the very ground urged by appellant. But it is alleged that appellee performed the agreement to the extent of doing work for which he was to receive an aggregate of $170. Even if the contract, so long as it remained wholly executory, was unenforceable, it, upon such partial performance, became enforceable to the extent of supporting a recovery for the work done. This was a sufficient allegation of part performance. Being good in part, it cannot be held that the plea was subject to a general demurrer solely upon the claim that full performance of the oral contract was not alleged. Had there been no credits on the note and the suit brought for the whole amount, we would hold that the plea of payment was good to the extent of $170.

■ For a different reason, however, we think the plea of payment was subject to general demurrer. Plaintiff only sought recovery of the principal sum of $95. In doing so, credits were thereby acknowledged to the extent of $230. The plea of payment had reference to the original amount due on the note. Therefore, plaintiff acknowledged credits in excess of the payments claimed in defendant's plea. Under R. S. 1925, art. 2014, only such payments could be proved as the several items thereof and the nature of which were distinctly stated or described. Since the several items pleaded had no necessary reference to the balance claimed upon the note, we think the plea of payment must be held insufficient for that reason. In other words, the note proved itself to the extent of the balance claimed, even granting the truth of defendant's plea. It appears from the pleading that the plea of payment, to be good as more than a partial defense, is dependent upon the alleged breach of the oral agreement varying the terms of the note. To give the oral agreement any validity whatever, it must be construed as not intended to have that effect and which, as already pointed out, it did not necessarily have.

■■ It is further contended by appellant that appellee's cross-action, as alleged, was subject to the exception urged against it and overruled by the court. We have had some difficulty in appreciating that the pleading was subject to the specific criticism urged, but, if it was insufficient upon which to base a judgment, it is our duty to take notice of such defect, regardless of the manner in which the question is raised. We are forced to the conclusion that the cross-action did not state a cause of action, for the reason that the alleged indebtedness being an obligation of Le Sage to appellee, no facts were alleged sufficient to show any liability of appellant therefor. It was not sought to recover the $140 as money had and received by appellant on the ground that it was appellee's money and had wrongfully been paid to appellant. The pleading clearly discloses that the $179 was sought to be recovered without any distinction between the $140 paid to appellant and the remainder of $39. The whole sum was sought to be recovered on the theory that appellant by accepting the $140 had adopted and ratified the contract between appellee and Le Sage, and had thereby become liable thereon. Clearly, to our minds, there was no such liability.

■ The point is also well taken that the court erroneously charged that the burden of proof was upon the plaintiff to establish the amount due upon the note, if any. The amount due upon the note was not an issue for the jury save and except as the defendant was able, by pleading and proof, to show payment or partial payments thereof. The burden was therefore upon the defendant.

Because of the errors mentioned, the judgment of the trial court will be reversed, and the cause remanded for a new trial, and it is accordingly so ordered.