## KNUDSEN v. J. I. CASE CO.
### No. 4479.

Court of Civil Appeals of Texas. Amarillo.
Oct. 14, 1935.

Lackey & Lackey, of Stinnett, for appellant.

Monning & Akin, of Amarillo, for appellee.

MARTIN, Justice.

The question of venue only is involved on this appeal. Appellee sued appellant, admittedly a resident of Hutchinson county, for balance due on a note, and for foreclosure of chattel mortgage lien on farm machinery. His suit was instituted in the district court of Potter county. Under proper pleadings, issue was joined below upon appellant's right to be sued in the county of his residence. The trial court overruled appellant's plea of privilege after a full hearing.

The note sued on was dated June 20, 1930, and was payable July 10, 1931. Appellee's suit was filed August 14, 1934. The said note contained this stipulation: "If not paid when due it shall become payable at Amarillo, Texas." Such a contingent provision is valid and confers venue in Potter county.

"Contracts requiring performance, primarily in a particular county, but containing an alternative provision, requiring performance in another county dependent upon a future event, have been held sufficient to fix venue under the exception. See Mor-

gan v. E. Bement & Sons, 24 Tex. Civ. App. 564, 59 S. W. 907, 910; Newman v. Buffalo Pitts Co. (Tex. Civ. App.) 160 S. W. 657; McCray, etc., Co. v. Simms (Tex. Civ. App.) 268 S. W. 275." Pavlidis et al. v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294, 295.

It is next contended that the evidence shows that the above note was not due when suit was brought, same having been extended. This is based upon a stipulation in and an indorsement upon a chattel mortgage given by appellant to appellee on July 30, 1932. These are as follows:

"My entire interest, or all of 300 acres of wheat now planted and growing or any other crop planted and grown during 1932, and for harvest during 1933–4–5, located on the West 1/2 of Sec. 136, Block 5T, NO Survey, also my 3/4 interest in 100 acres of wheat to be planted and grown for 1933 harvest on the West 100 acres of Sec. 137.
* * *

"Stamped on the face of the above chattel mortgage is the following: 'It is fully understood and agreed that this mortgage is taken as an extension of chattel mortgage and the indebtedness secured thereby, signed by me (or us) and filed in the office of the county clerk of Hutchinson County, Texas, on the 30 day of July, 1930, Book 12, page 274; and the said original mortgage is to remain in full force and effect until the indebtedness herein described has been fully paid.'"

A reasonable and necessary construction of the first clause is that it is upon crops planted and grown during 1932, and to be thereafter harvested. The evidence of the entire transaction seems to clearly indicate that wheat was to be planted. It is a matter of common knowledge that wheat, or any other grain crop planted in 1932, would ripen and be ready for harvest not later than 1933. Thus construed, the alleged contract of extension could run no longer than 1933. If this is not true, then how long did it run? Was it for either 1933, 1934, or 1935? This construction would make the extension void for uncertainty of time of payment while it remained executory, in our opinion. San Antonio Irr. Co. v. Deutschmann, 102 Tex. 201, 105 S. W. 486, 114 S. W. 1174; Haskell Motor Co. v. Remington (Tex. Civ. App.) 25 S.W.(2d) 913; 10 Tex. Jur. pp. 176–180.

■ Finally, we desire to call attention to the fact that the longest time the debt could possibly run would be to the harvest of 1935, which is now past, and the question therefore moot. If we be mistaken in our construction of the contract, it would be useless to now reverse the case. Morgan et al. v. Bement & Sons, 24 Tex. Civ. App. 564, 59 S. W. 907. In the above, we have assumed that the question can be properly raised on a plea of privilege, but have not intended to authoritatively so decide.

■■ We judicially know that Amarillo, a county seat, is in Potter county. 17 Tex. Jur. p. 185. If the contingent provision for venue at Amarillo, above quoted, be valid, as we think unquestionably it is, then any subsequent contract between the parties relating alone to the time of payment of the note would leave its other provisions in full force, including the provision under discussion. The necessary conclusion from the above reasoning is that Potter county had venue of this suit.

Judgment affirmed.