## J. R. WATKINS CO. v. WEBB et al.

### No. 3403.

Court of Civil Appeals of Texas. El Paso.

Sept. 24, 1936.

Crane & Crane, of Dallas, for appellant.

Thompson & Barber, of Colorado, Tex., and D. D. Mahon, of Dallas, for appellees.

HIGGINS, Justice (after stating the case as above).

Appellees assert the contract of Badgett and McKenney simply guaranteed Webb would pay at Winona or Dallas. The contract does not have such limited meaning. Under its terms they "promised" pay-

ment by them at Winona or Dallas. Such is the fair interpretation of the contract. It imposes upon the sureties an obligation performable by them in Dallas at the option of the plaintiff. The optionable nature of the obligation did not render inapplicable the fifth section of the venue statute. As against Badgett and McKenney, the venue was properly laid in Dallas county. Pavlidis v. Bishop & Babcock Sales Co. (Tex.Civ. App.) 41 S.W.(2d) 294; Merchants' Reciprocal Underwriters v. First Nat. Bank (Tex.Civ.App.) 192 S.W. 1098.

■ Webb was the party primarily liable and principal obligor upon the debt sued for and was a necessary party to the suit against his codefendants. Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.(2d) 748.

The suit against him was therefore maintainable in Dallas county under subdivision 29a of the venue statute.

■ It is unnecessary to determine whether the pleas of privilege operated as a sworn denial of the verified account and cast upon plaintiff the burden of proving the account by evidence other than the statutory affidavit so as to show prima facie a cause of action against Webb upon the account. The contract itself established the indebtedness of $816.79 existing at the time the contract was executed and prima facie right of action thereon against Badgett and McKenney.

The pleas of privilege should have been overruled. Judgment to that effect will be here rendered.

Reversed and rendered.