**John ALBIN, d/b/a Albin Chevrolet Co., Appellant,**

v.

**R. H. HUGHES, Appellee.**

No. 15342.

Court of Civil Appeals of Texas.

Dallas.

July 26, 1957.

———◆———

Don M. Hayter, Greenville, for appellant.

Irion, Cain, Cocke and Magee, and Henry E. Wise, Dallas, for amicus curiae.

Allen Clark, Greenville, for appellee.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege and transferring a case from Hunt County, Texas, to Smith County, Texas.

Appellant-plaintiff John Albin, doing business as John Albin Chevrolet Company, located in Hunt County, Texas, filed suit in Hunt County against R. H. Hughes, a resident of Smith County, for the balance due on a note.

Appellant Albin alleged that he had sold a Chevrolet truck to appellee Hughes, who had executed a note and mortgage in part payment of the purchase price. Albin thereafter sold the note to Pacific Finance Corporation. Upon default in payment by Hughes, Albin had been required to pay off the note to Pacific Finance Corporation, and repossess and sell the truck. The present suit was for a deficiency balance still due on the note after the repossession and sale of the truck.

The note contains the following provision in regard to payment: "Purchaser promises to pay to Seller or assignee of Seller if this contract be assigned, the deferred balance in installments of $76.76 on the 2nd day of each succeeding month for a period of 18 months, beginning 4–2–55, together with additional payments as follows: ———— at the office of Pacific Finance Corporation, in Greenville, Texas, Hunt, Houston, Harris County, or Dallas, Dallas County, Texas * * *."

Appellant says that the court erred in rendering judgment sustaining appellee's plea of privilege because the contract in writing expressly named Hunt County as a particular county in which the obligation was to be performed. Art. 1995, subd. 5, Vernon's Ann.Civ.St.

Appellee, in a counter-point, says that the note sued on contains three separate and distinct places of payment, each in a different county within the State of Texas; and that, since subd. 5 of Art. 1995, V.A.C. S., requires performance in "a particula-

county," the place of payment is uncertain and the trial court correctly sustained appellee's plea of privilege to be sued in the county of his residence.

Pacific Finance Corporation with our permission has filed a brief as amicus curiae, in which brief it says: "* * * it is permissible to name more than one county for the performance of the obligation so long as (1) the counties of performance are expressly named, and (2) the counties so named as places of performance are reasonable in number to achieve the purpose and terms of the contract."

We agree with appellee.

The word particular has been defined as follows: "* * * separate; sole; single; * * * of or pertaining to a single person, class, or thing * * *." Webster's New International Dictionary, Second Edition, Unabridged, 1950.

Art. 1995, subd. 5, uses this language: "If a person has contracted in writing to perform an obligation in *a particular county,* expressly naming such county, * * * suit * * * may be brought against him either in such county or where the defendant has his domicile." (Emphasis ours.) Subdivision 5 is one of the exceptions to the general rule that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile. Exceptions to the general rule must be strictly construed favorably to the rights of defendants. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Old Lincoln County Mut. Fire Ins. Co. v. Hall, Tex. Civ.App., 214 S.W.2d 203. In so construing subdivision 5 we are of the opinion that the phrase "a particular county" does not mean three counties, any one of which may be selected at the option of a plaintiff as a proper county of venue.

Our Supreme Court has stated that the statute in question would hardly be taken as intending that a single obligation would be performable in two distinct counties for venue purposes. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, at page 123. This Court has heretofore held that the phrase "a particular county" means a county that is fixed and certain, made so by the terms of the contract, and not subject to be changed at the will of the obligee. Bryson v. Oliver Farm Equipment Sales Co., Tex. Civ.App., 61 S.W.2d 147.

As appellee in his brief very aptly says: "* * * if three places could be designated and be within the provisions of Exception 5 of Article 1995 then would it not reasonably follow that *ten* places of performance could be designated because once the barrier is down the word 'particular' will have lost all meaning and *three, ten, one hundred,* or, in fact, the entire *254* counties in the State could be designated." It has been held that suit must be brought in the defendant's county of residence when the note sued on provides that suit may be brought in any county in the State wherein the holder might elect to sue. Commercial Credit Co. v. Ballard, Tex.Civ.App., 263 S.W. 1101.

Appellant cites us the cases of Watkins Co. v. Webb, Tex.Civ.App., 97 S.W.2d 284, and Pavlidis v. Bishop & Babcock Sales Co., Tex.Civ.App., 41 S.W.2d 294. We do not consider the cases in point. In the Watkins Co. case the note was payable in Dallas, Texas, or Cleveland, Ohio; in the Pavlidis case it was payable in Dallas, Texas, or Winona, Minnesota. Of course no court in Texas could transfer a case to Ohio or Minnesota. The optional provision under such circumstances could not affect the venue of a suit pending in Texas. In each of the cited cases only one place of performance in Texas was named, and there was nothing uncertain about it.

It is to be noted also that the contract here involved provides for payments at the office of Pacific Finance Corporation, which was not a party to the original contract and is not a party to this suit. An attempt to fix venue at the office of a corporation

which was not a party to the contract has been condemned. Pfeifer v. E. J. Hermann Sales Co., Tex.Civ.App., 43 S.W.2d 484.

Appellant's point on appeal is overruled.

The judgment is affirmed.