**GREAT WESTERN LOAN AND TRUST CO., Inc., Appellant,**

v.

**Thomas J. MONTGOMERY, Appellee.**

**No. 11162.**

Court of Civil Appeals of Texas.

Austin.

Feb. 19, 1964.

Rehearing Denied March 11, 1964.

Leonard L. Franklin, Austin, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellee.

HUGHES, Justice.

This is a venue case in which appellant, Great Western Loan and Trust Company, Inc., sued Thomas J. Montgomery, a resident of McLennan County, on a promissory note executed by him and Leola Montgomery in the sum of $468.96 payable in twenty four monthly installments of $19.54 each. This note reads, in part, "Waco, Texas, June 28, 1962 Waiving Grace, for value received, I, we, or either of us promise to pay to the order of Family Freeze of Central Texas at Great Western Loan & Trust Co." the amount and in the manner indicated. There is nothing in the note from which the location of Great Western Loan & Trust Co. can be ascertained.

The Trial Court sustained appellee's plea of privilege and transferred this case to McLennan County, the count of his residence.

The trial was non-jury. There is no statement of facts. There are in the record findings of fact and conclusions of law made by the Trial Judge.

The findings of fact disclose that when the note in suit was executed appellant had its principal office and place of business in San Antonio, Bexar County, and that it had and maintained offices in seventeen other counties in Texas, including Travis County, the county in which this suit was instituted, but not including McLennan County.

This note, by its terms, is not payable in any identifiable county. By extrinsic evidence it is shown that the place of payment could be in one or all of eighteen counties. These facts do not show a contract in writing performable " * * * in a particular county, expressly naming such county, or a definite place therein, by such writing * * *" as required in sub. 5, Art. 1995, Vernon's Ann.Civ.St., in order to constitute an exception to the general rule that a person is entitled to be sued in the county of his residence. Dowd v. Dowd, 359 S.W.2d 287, Texarkana Civ. App., writ dism.

The Trial Court also made a fact finding that appellee made four payments on the note in suit at the office of appellant in Austin, Texas.

It is appellant's contention, as we understand it, that this fact finding supports the conclusion that the note contains identification of a definite place of payment, to wit, its office in Austin, Texas, and it cites, Strange v. General Motors Acceptance Corporation, 2 S.W.2d 255, Dallas Civ. App., writ dism. (1928) to sustain its position. This case was decided before the present wording of sub. 5, Art. 1995, was enacted. It holds, under facts strangely analogous to those presented here, that place of performance of a contract performable in several counties may be by parol evidence of conduct of the parties shown to be performable in a particular county. We are inclined, as was the Amarillo Court of Civil Appeals in General Motors Acceptance Corporation v. Hunsaker, 50 S.W.2d 367, writ dism., not to follow the Strange decision but rather to follow the case of Turner v. Ephraim, 28

S.W.2d 608, by the El Paso Court of Civil Appeals, wherein it was stated:

" * * * 'a particular County,' as used in subdivision 5 of article 1995, R.S., contemplate and mean a county fixed and certain at the time the contract is executed and not a county subject to change by subsequent events within the control of the obligee. A contract of the latter nature is wholly uncertain as to the county in which it is to be performed, and certainly not within the spirit of subdivision 5."

A written contract which leaves to either party, the obligor or the obligee, the privilege of selecting the place of performance in one of two or more counties is not, in our opinion, a contract performable in a "particular county, expressly naming such county, or a definite place therein, by such writing" as required by sub. 5, Art. 1995, to fix venue outside the County of a defendant's residence.

The judgment of the Trial Court is affirmed.