B. F. SHIPLEY, Appellant,

v.

SOUTHWESTERN INVESTMENT COMPANY, Appellee.

No. 7452.

Court of Civil Appeals of Texas.

Amarillo.

March 22, 1965.

Rehearing Denied June 14, 1965.

Huffaker & Green, Tahoka, for appellant.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a venue suit. Southwestern Investment Company brought suit against B. F. Shipley to recover under a certain Dealer's Protection Agreement, the balance due upon one certain note. That portion of the Dealer's Protection Agreement is as follows:

"To SOUTHWESTERN INVESTMENT COMPANY:

(1) We propose to sell to you from time to time, such notes, conditional sales contracts, chattel mortgages, lease agreements or other evidences of debt, herein called "NOTES," as are acceptable to you and acquired by us from retail purchasers of new or used passenger and/or commercial automobiles, herein called "CARS", which notes we will endorse to you without recourse, and this agreement states the basis of your purchase thereof.

(2) We agree to purchase from you upon demand each repossessed or recovered car tendered at our place of business; if we are out of business tender is waived, and we shall be responsible for any deficiency incurred by you in the resale of the cars, and if we are in default to you, cars may be tendered by registered mail notice sent to our last known business address. The purchase price which we will pay you in cash for such cars, and which shall be payable in Amarillo, Texas, shall be as follows: The unpaid balance due on the cars if tendered within ninety days after maturity of the earliest installment still unpaid, or if tender is delayed by redemption period, litigation, or any existing or future law or executive proclamation,

then we will accept delivery of and purchase such cars from you at such time as you can make delivery thereof and pay you therefor in cash, an amount equal to the unpaid balance owing on the notes relating thereto, notwithstanding that it may exceed the ninety days period above mentioned. It is agreed that upon suit being filed by you for foreclosure of a lien upon or for possession of such cars, with the issuance of process, such shall constitute litigation with reference thereto as that term is used herein. In any other case the purchase price of such cars shall be the 'as is' value of the cars, such value to be determined in accordance with the appraisal clause of standard fire and theft policies. Until repurchased by us, you may store such repossessed cars on our premises without cost, and our possession of such cars shall be merely as a bailee, with the duty to safely store for you and redeliver such cars to you on demand."

For convenience Shipley will hereafter be referred to as appellant and Southwestern Investment Company as appellee. On July 3, 1962, appellant sold to one A. W. Gaylor a Ford automobile and other equipment and took as part payment a note and chattel mortgage securing the same. The note was for the sum of $3,634.92, payable in thirty-six monthly installments of $100.92 each. The note was made payable to appellant at the office of Southwestern Investment Company in Amarillo, Potter County, Texas. Appellant endorsed the note and chattel mortgage to appellee without recourse, except that appellant agreed to repurchase the automobile or other collateral described in the note and chattel mortgage and agreed to pay therefor the unpaid portion of the purchase price of the automobile which was the unpaid portion of the note.

Appellee brought the suit to recover of and from appellant the balance due unpaid upon the note in question alleging that

pursuant to such Dealer's Protection Agreement appellee purchased from appellant the promissory note and chattel mortgage executed by A. W. Gaylor, further alleging Gaylor defaulted in the payment of the note with chattel mortgage lien and there remained an unpaid balance of $2,780.66. As a result of such default, appellee repossessed such motor vehicle and tendered the same to appellant for repurchase under such Dealer's Protection Agreement, whereupon appellant failed and refused to repurchase such motor vehicle from appellee, further pleading appellee sold such motor vehicle to the highest bidder and realized from the sale thereof the sum of $835.00, which was applied as a credit upon such note, leaving a balance due and unpaid upon said note the sum of $1,-945.66.

Appellant filed his plea of privilege to be sued in Terry County, the county of his residence. Appellee filed its controverting plea making its petition a part thereof seeking to retain venue in Potter County, Texas, under Section 5 of Article 1995, Vernon's Ann.Tex.Civ.St. The trial was had to the court and judgment was entered overruling appellant's plea of privilege. From that judgment appellant perfected this appeal. The Dealer's Protection Agreement, note with chattel mortgage, and endorsement thereon were introduced in evidence. A stipulation was made as follows:

"It is stipulated, Your Honor, that the City of Amarillo, Texas, The City and Municipality of Amarillo, Texas, maintains and has its principal seat of government as a municipality in Potter County, Texas, and that the county seat of Potter County, Texas, is in Amarillo, Texas, in Potter County, where the principality for governmental purposes is situated, and that by reason of expansion and growth of the City of Amarillo, it has had its boundary lines and city limits extended over into Randall County, Texas."

Appellant presents this appeal upon two points of error as follows:

## "POINT NO. 1

"The trial court erred in failing to sustain appellant's plea of privilege because there is no evidence, or at least the evidence is insufficient to show that appellant contracted in writing to perform the obligations sued upon in a particular county, that is, in Potter County, Texas as contemplated by Subdivision 5 of Article 1995 V.A.T.S.

## "POINT NO. 2

"The trial court erred in failing to sustain appellant's plea of privilege because under the contract introduced in evidence, and made the basis of this suit, appellant only obligated himself to perform the contract, that is to pay the appellee, in Amarillo, Texas, but not at any particular place in Amarillo, Texas, and it having been stipulated that Amarillo, Texas, is located both in Potter and Randall Counties, Texas, and appellee wholly failed to bring itself and this suit within the provisions of Sub-division 5, or of any other Subdivision of Article 1995, V.A.T.S."

Section 5 of Article 1995 reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

There is no question but that appellant agreed to perform the obligation in Amarillo, Texas, under the terms of the Dealer's Protection Agreement. The question then arises whether the designation of Amarillo, Texas, constitutes a definite place in Potter County, Texas, as required by Section 5.

It is required that such written instrument upon which suit is founded must be signed by defendant (appellant here) and contain an express agreement on the part of defendant to perform an obligation in a particular county or a definite place in such particular county. It is stipulated in this case that Amarillo is the county seat of Potter County, Texas, where the principality for governmental purposes is situated. Consequently, it would not require the court to take judicial notice that Amarillo is in Potter County, Texas, although the court could take judicial notice of that fact. The courts of Texas judicially know that Potter is a county in Texas and also that Amarillo is a city which is the county seat of Potter County, Texas. This is "naming a particular county, or a definite place therein" by a written instrument as is required by Subdivision 5 of Article 1995, V.T.C.S. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Heid Bros. v. Smiley, Tex.Civ.App., 144 S.W.2d 952; Yanta v. Davenport, Tex.Civ.App., 323 S.W.2d 636 (writ dismissed) and cases there cited.

Appellant contends that he only obligated himself to pay appellee in Amarillo, Texas, but not at any particular place in Amarillo, Texas, and it having been stipulated that Amarillo, Texas, was located in Potter County and Randall County, Texas, appellee failed to bring this suit within Section 5 of Article 1995. The stipulation provided that the county seat of Potter County, Texas, was at Amarillo, Texas, in Potter County where the principality for governmental purposes is situated and that by reason of expansion and growth of the City of Amarillo it has had its boundary lines and city limits extended over into Randall County, Texas. We have not been cited to a case passing upon this particular point as to a city extended into another county and neither have we found one. There is nothing in the record as to the limits of the city as chartered, but the stipulation shows it is because of the growth of the city that its limits have extended

into Randall County. The courts take judicial notice that Amarillo is the county seat of Potter County, Texas. The fact Amarillo has grown to the extent its limits extend into Randall County would not change the rule that the courts could take judicial notice that Amarillo is the county seat of and located in Potter County. Further as to the contention of appellant that he only obligated himself to pay appellee in Amarillo, Texas, but not at any particular place in Amarillo, Texas, we are of the opinion to designate a particular place in Amarillo was not required. The question to be determined is not whether a certain place in Amarillo is required. The obligation was payable in Amarillo, Texas. The issue then to be determined is whether Amarillo is a definite place in Potter County as provided for under Section 5 of Article 1995. We are of the opinion, and so hold, that when appellant agreed in writing as set out in the Dealer's Protection Agreement to perform his obligation in Amarillo, Texas, a definite place was so designated as contemplated and covered under Section 5 of Article 1995.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

CHAPMAN, Justice.

Upon motion for rehearing I have concluded the original unanimous opinion announced herein by our court on March 22, 1965, was erroneous and use this means to express my disagreement with that opinion.

The instrument sued upon herein and sought to be enforced is what is designated in the record as a Dealer's Protection Agreement between appellant, B. F. Shipley d/b/a Shipley Motor Company of Terry County, and Southwestern Investment Company, and for the former's agreement to protect the latter upon all evidences of debts the motor company proposed to sell the investment company from time to time.

The evidences of debts were to be such notes, conditional sales contracts, chattel mortgages, lease agreements, etc., which the dealer acquired in connection with his retail automobile business.

The protection given by the dealer was his agreement "to purchase upon demand each repossessed or recovered car tendered at our place of business * * * and we shall be responsible for any deficiency incurred by you in the sale of the cars, * * The purchase price which we will pay you in cash for such cars, *and which shall be payable in Amarillo, Texas, shall be as follows:*" (All italics herein are ours.)

Then the instrument set out the method by and basis upon which the dealer would pay the investment company for any deficiencies resulting in the failure of the purchasers from the dealer to discharge the paper obligations sold by the dealer to the investment company.

The March 22, 1965, opinion correctly stated: "Southwestern Investment Company brought suit against B. F. Shipley to recover upon a certain Dealer's Protection Agreement, the balance due upon one certain note." The opinion also correctly stated: "Appellant endorsed the note and chattel mortgage to appellee without recourse, *except that appellant agreed to repurchase the automobile or other collateral described in the note and chattel mortgage and agreed to pay therefor the unpaid portion of the purchase price of the automobile which was the unpaid portion of the note.*"

Thus, the suit was upon the Dealer's Protection Agreement, the obligations therein being payable in Amarillo, Texas.

It was stipulated that the City of Amarillo, Texas, maintains and has its principal seat of government as a municipality in Potter County, Texas, and that the county seat of Potter County, Texas, is in Amarillo, Texas, in Potter County, where the principality for governmental purposes is situated, and that by reason of expansion and growth of the City of Amarillo, it has had its boundary lines and city limits extended over into Randall County, Texas.

The original opinion then correctly stated: "The question then arises whether the designation of Amarillo, Texas, constitutes a definite place in Potter County, Texas, as required by Section 5." Of course, "Section 5" meant that exception of the exceptions to Article 1995, V.T.C.S. giving one the right to be sued in the county of his domicile. The opinion has correctly quoted that exception and then held: "We are of the opinion, and so hold, that when appellant agreed in writing as set out in the Dealer's Protection Agreement to perform his obligation in Amarillo, Texas, a definite place was so designated as contemplated and covered under Section 5 of Article 1995."

I find in studying the motion for rehearing and our previously announced opinion I am unable to agree with the legal conclusion just quoted and believe the following cases are contrary thereto: Albin v. Hughes, Tex.Civ.App., 304 S.W.2d 371 (N. W.H.); Great Western Loan and Trust Co. v. Montgomery, Tex.Civ.App., 376 S.W. 2d 92 (writ dismissed); Wood v. John Farrell Lumber Co., Tex.Civ.App., 389 S.W.2d 133.

By stipulation Amarillo, Texas, is in both Potter and Randall Counties. Therefore, it is my opinion that the agreement to perform an obligation in Amarillo, Texas, was not such a definite place as is contemplated under Section 5 of Article 1995.

The court in Albin v. Hughes, supra, said: " 'a particular county' means a county that is fixed and certain, made so by the terms of the contract, and not subject to be changed at the will of the obligee." That rule is applicable in the instant case because the requirement of payment in Amarillo, Texas, under this record could be either in Potter County or Randall County, so the instrument does not name a county that is fixed and certain.

In Great Western Loan and Trust Co. v. Montgomery, supra, the court said:

"A written contract which leaves to either party, the obligor or the obligee, the privilege of selecting the place of performance in one or two or more counties is not, in our opinion, a contract performable in a 'particular county, expressly naming such county, or a definite place therein, by such writing' as required by sub. 5 * * *".

Finally, the Eastland Court of Civil Appeals in Wood v. John Farrell Lumber Co., supra, a case filed by an Amarillo lumber company and transferred to the Eastland Court of Civil Appeals by our Supreme Court under the rule of equalizing the dockets, has held directly opposite to the instant case.

There the instrument sued upon provides: " * * * we, or either of us, promise to pay *to* the order of the Amarillo National Bank at Amarillo, Texas * * *". As in the instant case it was stipulated that Amarillo is the county seat of Potter County and that the corporate limits of the City of Amarillo include both land in Potter County and Randall County. It was even stipulated that the Amarillo National Bank is located in the area of Amarillo lying in Potter County. That court then held:

"In our opinion appellant's contention is well taken. The note here sued upon does not designate 'a particular county' of performance or a 'definite place therein' as required in subdivision 5. There was no promise to pay in 'Potter County'. There was no promise to pay at the Amarillo National Bank which is located in the area of Amarillo lying in Potter County. There was only a promise to pay *to* the Amarillo National Bank 'at Amarillo.' The agreement of appellant to make payment 'at Amarillo, Texas' did not designate a definite place in Potter County because it could be complied with by the performance of such promise in either Potter or Randall County."

Therefore, I believe our court was in error, that the pending motion for rehearing should be granted, and the case transferred to Terry County for trial.

DENTON, Chief Justice.

I am in agreement with the opinion of Justice Chapman. A majority of the Court is now of the opinion the judgment of the trial court should be reversed. Appellant's motion for rehearing is hereby granted. The judgment of the trial court is reversed and remanded with instructions to transfer the cause to the District Court of Terry County.

NORTHCUTT, Justice (dissenting on motion for rehearing).

On March 22, 1965, judgment of this court was entered affirming the judgment of the trial court in overruling appellant's plea of privilege and thereby retaining venue in Potter County, Texas. On appellant's motion for rehearing a majority of the court was of the opinion this court was in error in its former judgment and ordered appellant's motion for rehearing be granted and reversed and remanded the judgment of the trial court with instructions to transfer the cause to the District Court of Terry County, Texas. I respectfully dissent to the majority opinion.

The Supreme Court in the case of Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, held as follows:

" 'We think, in view of the fact that the court was holding its session in the courthouse of Galveston county, situated in the city of Galveston, and had before it a law requiring judicial notice to be taken that Galveston was thus located, it might well conclude that there was no necessity of proving that fact. We think the judgment correct, and it is affirmed.' Traylor v. Blum et al., Tex.Sup., 7 S.W. 829, 830.

"This is a direct holding that the court trying the case will take judicial notice that Galveston is in Galveston County, Texas. It is still the law that a trial court such as tried this cause will take judicial notice of the subdivision of the State into counties, and also of the location of the county seats of these counties. McCormick & Ray, Texas Law of Evidence p. 173 et seq., Judicial Notice, Geographical Facts, secs. 104, 105, and authorities there cited. 17 Tex.Jur. p. 181 et seq., Evidence Civil Cases, sec. 14, and cases cited therein. Idem, sec. 17 p. 185.

"The stipulation shows that Burtis executed and delivered both these financial statements to Butler Bros.

"Therefore, we have an instrument in writing signed by the defendant Burtis whereby he agreed to pay for all goods sold to him on credit by Butler Bros. in Dallas. The courts of Texas judicially know that Dallas is a county in Texas and also that it is a city which is the county seat of Dallas County, Texas. This is 'naming a particular county, or a definite place therein' by a written instrument as is required by subdivision 5, art. 1995, Revised Civil Statutes 1925, as amended."

If we were wrong in holding that since the courts of Texas judicially know that Potter County is a county in Texas and also that Amarillo is a city which is the county seat of Potter County, Texas, is naming a particular county or a definite place therein as required by Subdivision 5 of Article 1995, venue should be sustained in Potter County for another and additional reason. The balance due on the note was the sum appellee sought to recover. The Dealer's Protection Agreement provided the price appellant agreed to pay was the unpaid balance due on the cars if tendered within 90 days after maturity of the earliest installment still unpaid. The installment could refer only to the monthly installments provided for in the note, as that was the unpaid balance.

The note in question was payable to the order of appellant at the office of the Southwestern Investment Company in Amarillo, Potter County, Texas. The endorsement of the note by appellant in part is as follows:

"Pay to the order of Southwestern Investment Company without recourse, *except* that undersigned agreed to repurchase the automobile or other collateral described herein upon repossession, *and will pay therefor the unpaid portion of the purchase price.* * * *"
(Emphases mine.)

The unpaid portion of the purchase price was the unpaid balance due on the note which appellant agreed to pay in Potter County, Texas. I am of the opinion the Dealer's Protection Agreement and the note must be construed together under the terms of the appellee's pleadings. I am of the opinion the trial court was correct in overruling appellant's plea of privilege.