**J. Wesley WOOD, Appellant,**

**v.**

**JOHN FARRELL LUMBER COMPANY, Appellee.**

**No. 3967.**

Court of Civil Appeals of Texas.

Eastland.

March 26, 1965.

Rehearing Denied April 16, 1965.

Jay S. Fichtner, Dallas, for appellant.

Monning & Monning, Amarillo, for appellee.

COLLINGS, Justice.

John Farrell Lumber Company, a corporation, brought this suit in Potter County against J. Wesley Wood on a promissory note. The defendant filed a plea of privilege to be sued in Smith County the place of his residence. Plaintiff filed a controverting plea claiming venue in Potter County under the provisions of Article 1995, Vernon's Ann.Tex.Civ.St. After a hearing the court overruled the plea of privilege. J. Wesley Wood has appealed.

Appellant J. Wesley Wood presents one point of error contending, in effect, that the court erred in overruling his plea of privilege because the written contract upon which appellee predicates its cause of action does not state that it is payable in Potter County.

It is alleged in appellee's petition that appellant Wood executed and delivered to Amarillo National Bank his promissory note on January 14, 1954 and thereby promised to pay to such bank or its order the

sum of $2,875.00 with 6% interest. A copy of the note was attached to appellee's petition and among other things provides that " * * * we, or either of us, promise to pay to the order of the Amarillo National Bank at Amarillo, Texas, Twenty Eight Hundred Seventy Five and no/100 Dollars * * *."

It was stipulated that Amarillo is the county seat of Potter County, Texas and that the corporate limits of the City of Amarillo include land in both Potter County and Randall County and that Amarillo National Bank is located in the area of Amarillo lying in Potter County. Appellant contends that the fact that Amarillo is the county seat of Potter County is not material or relevant in determining the plea of privilege. Appellee contends that the fact that corporate limits of the City of Amarillo includes land in both Potter and Randall County is not material to determination of the plea of privilege.

Subdivision 5 of Article 1995 provides as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ Appellant points out that the note sued upon called for payment "to the Amarillo National Bank or its assignee 'at Amarillo, Texas'", but does not designate a "particular county" of performance. Appellant concedes that generally speaking courts will take judicial knowledge of the fact that the county seat of a county is located in that county. Appellant contends, however, that in the instant case the fact that the City of Amarillo is the county seat of Potter County is not material because it is stipulated that Amarillo lies in both Potter and Randall Counties, and therefore, the fact that Amarillo may be the county seat of one of those counties does not establish a "Particular County" in which the obligation was to be performed for venue purposes; that the provision for payment of the note "at Amarillo" could be complied with by payment in that part of Amarillo located in Randall County as well as it could by payment in that part of Amarillo in Potter County.

In our opinion appellant's contention is well taken. The note here sued upon does not designate "a particular county" of performance or a "definite place therein" as required in subdivision 5. There was no promise to pay in "Potter County". There was no promise to pay at the Amarillo National Bank which is located in the area of Amarillo lying in Potter County. There was only a promise to pay to the Amarillo National Bank "at Amarillo." The agreement of appellant to make payment "at Amarillo, Texas" did not designate a definite place in Potter County because it could be complied with by the performance of such promise in either Potter or Randall County. It was stipulated that portions of Amarillo are in Potter County, and portions thereof are in Randall County. In Great Western Loan and Trust Company v. Montgomery, Tex.Civ.App., 376 S.W.2d 92, it is stated as follows:

"A written contract which leaves to either party, the obligor or the obligee, the privilege of selecting the place of performance in one of two or more counties is not, in our opinion, a contract performable in a 'particular county, expressly naming such county, or a definite place therein, by such writing' as required by sub. 5."

See also Albin v. Hughes, Tex.Civ.App., 304 S.W.2d 371; Turner v. Ephraim, Tex. Civ.App., 28 S.W.2d 608.

■ Appellee further contends that the judgment should be affirmed because no statement of facts or findings of fact and conclusions of law have been filed, and a

presumption therefore prevails that the trial court found all facts necessary to support the judgment. We cannot agree with that contention. The authorities cited by appellee have no application in this case because appellee's pleadings setting out the note upon which the suit is based and the facts stipulated to by the parties are determinative of the disposition of the plea of privilege.

The judgment is reversed and the cause remanded with instructions to transfer the case to the District Court of Smith County.