**SOUTHWESTERN INVESTMENT COMPANY, Petitioner,**

v.

**B. F. SHIPLEY, Respondent.**

**No. A–10965.**

Supreme Court of Texas.

March 2, 1966.

Clayton, Kolander, Moser & Templeton, Amarillo, for petitioner.

Huffaker & Green, Tahoka, for respondent.

WALKER, Justice.

On the principal question presented by this appeal, we hold that a written contract explicitly performable in a named city which lies in two or more counties will not support venue in one of those counties under Subdivision 5 of Article 1995. The suit was filed in the 108th District Court of Potter County by Southwestern Investment Company, petitioner, against B. F. Shipley, respondent. Shipley's plea of privilege to be sued in Terry County, where he resides, was overruled by the trial court. The Court of Civil Appeals, with one Justice dissenting, reversed such judgment and ordered the cause transferred to Terry County. 391 S.W.2d 457. We have jurisdiction under Subdivision 1 of Article 1728.

Shipley is engaged in the business of buying and selling automobiles. On September 16, 1958, he executed and delivered to Southwestern a so-called Dealer's Protection Agreement. The relevant provisions of this instrument are set out in one of the opinions filed in the Court of Civil Appeals. It is introduced by a recital that Shipley proposed to sell Southwestern notes, chattel mortgages and other evidences of indebtedness acquired from purchasers of new or used automobiles, and that the notes would be endorsed to Southwestern without recourse. The contract then sets out Shipley's agreement to purchase from Southwestern upon demand each repossessed car tendered at his place of business and, with certain exceptions not material here, to pay for such vehicles in cash an amount equal to the unpaid balance owing on the notes relating thereto. There is an express stipulation that such purchase price "shall be payable in Amarillo, Texas."

On July 3, 1962, Shipley sold a Ford automobile to one A. W. Gaylor and received as part payment Gaylor's note for $3,634.92, secured by a chattel mortgage on the automobile. The note by its terms is payable to Shipley's order "at the office of Southwestern Investment Company in Amarillo, Potter County, Texas." Shipley sold the note and mortgage to Southwestern, and at that time endorsed the same as follows:

"Pay to the order of Southwestern Investment Company without recourse, except that Undersigned agrees to repurchase the automobile or other collateral described herein upon repossession, and will pay therefor the unpaid portion of the purchase price, subject to any existing agreement between the undersigned and Southwestern Investment Company under which Southwestern Investment Company is purchasing obligations from undersigned * * *."

According to the allegations of Southwestern's petition, Gaylor defaulted in the payment of his note. Southwestern thereupon repossessed and tendered the auto-

mobile to Shipley for purchase under the Dealer's Protection Agreement. The balance then unpaid on the note was $2,780.66. Shipley refused to purchase the vehicle, and Southwestern sold the same to the highest bidder and realized $835.00 from the sale. Southwestern further alleged that the $835.00 has been credited on the note, that Shipley is liable to it for the balance of $1,945.66, and prays for the recovery of its "debt, damages, interest, costs of suit," and for general relief.

Southwestern relies solely on Subdivision 5 of Article 1995 to maintain venue in Potter County. It is there provided that:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ It should be noted at the outset that Shipley has not guaranteed or otherwise bound himself to pay the note according to its terms. The present action is for breach of his alleged obligation to purchase an automobile at a price measured by the balance unpaid on the note. This obligation arises from the contract of purchase set out in the Dealer's Protection Agreement and not from any promise to pay the note. We are not concerned then with the line of cases represented by Cullum v. Commercial Credit Co., Tex.Civ. App., 134 S.W.2d 826 (no writ), holding that one who guarantees a note in writing thereby undertakes to discharge the same at the place of payment specified in the note. Since Southwestern is not attempting to enforce liability on the note as such, the place of payment designated therein is not material to our present inquiry. If venue lies in Potter County, it is by virtue of the stipulation in the Dealer's Protection Agreement that the purchase price of the vehicle is payable in Amarillo, Texas.

Amarillo is the county seat of Potter County, but the parties have stipulated that it lies in both Randall and Potter Counties. For many years our courts have taken judicial notice of the subdivision of the State into counties, and also of the location of cities and towns which are county seats. In a number of cases involving obligations performable in a named city or town which was the seat of government for the county of suit, this judicial knowledge has enabled the plaintiff to maintain venue under Subdivision 5 without proving the location of the city or town designated in the contract as the place of performance. Thompson v. Republic Acceptance Corporation, Tex.Sup., 388 S.W.2d 404; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825. It has accordingly been held that venue of an action on a note payable in Amarillo, Texas, is properly laid in Potter County. Knudsen v. J. I. Case Co., Tex.Civ.App., 86 S.W.2d 794 (no writ).

■ These decisions may have been based, in some measure at least, upon a judicial assumption that the boundaries of any municipality which is the seat of government for a county lie wholly within such county. In Knudsen the court merely observed it judicially knew that "Amarillo, a county seat, is in Potter county," but it is our understanding that even then the city lay partly in Randall County. See also Cullum v. Commercial Credit Co., supra. Be that as it may, the boundaries of judicial knowledge have now been extended to the point that courts may, in a civil case, judicially notice "the certain and indisputable fact of common knowledge" that a city is located entirely within a particular county even though the city in question is not the county seat. Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521. See also Dormer v. Singleton Farm and Ranch, Tex.Civ.App., 351 S.W.2d 377 (no writ). By the same token and without

considering the stipulation mentioned above, we judicially know that Amarillo is not situated wholly within Potter County. Cases in which the city designated as the place of performance was judicially known or assumed to be located entirely in the county of suit are thus not applicable here.

■ The parties to the present case further stipulated that the situs of Amarillo's municipal government is in Potter County. Southwestern argues that where an obligation is performable in a designated city or town which lies in two counties, venue may be maintained under Subdivision 5 in the county where the municipal domicile is situated. We do not agree. Subdivision 5 was amended in 1935 to require that a particular county or a definite place therein be expressly named in the writing. As pointed out in Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610:

"The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. *By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication.* In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform." (Emphasis supplied.)

Here the contract simply provides that the purchase price shall be payable in Amarillo, Texas. Shipley contracted to perform at a definite place, but that place is located partly in one county and partly in another. There was no agreement to perform in a *particular* county, and venue can-

not be sustained under the provisions of Subdivision 5. See Ladehoff v. Boxwell, Tex.Civ.App., 390 S.W.2d 368 (wr. dis., Tex.Sup., 400 S.W.2d 303); Wood v. John Farrell Lumber Co., Tex.Civ.App., 389 S.W.2d 133 (wr. dis., Tex.Sup., 400 S.W.2d 307); Great Western Loan and Trust Co. v. Montgomery, Tex.Civ.App., 376 S.W.2d 92 (wr. dis.); Albin v. Hughes, Tex.Civ. App., 304 S.W.2d 371 (no writ).

The judgment of the Court of Civil Appeals is affirmed.