**JOHN FARRELL LUMBER COMPANY, Petitioner,**

v.

**J. Wesley WOOD, Respondent.**

**No. A-10820.**

Supreme Court of Texas.

March 2, 1966.

**308**

Monning & Monning, Robert R. Bradshaw, Amarillo, for petitioner.

Jay S. Fichtner, Dallas, for respondent.

WALKER, Justice.

Writ of error was granted in this venue case, but it is now our opinion that the application must be dismissed for want of jurisdiction. The suit was filed in the 108th District Court of Potter County by John Farrell Lumber Company, petitioner, against J. Wesley Wood, respondent, to recover on a promissory note which by its terms is payable "to the order of the Amarillo National Bank at Amarillo, Texas." Respondent's plea of privilege to be sued in Smith County, where he resides, was overruled by the trial court. The Court of Civil Appeals reversed such judgment

and ordered the cause transferred to Smith County. 389 S.W.2d 133.

■ Petitioner's application for writ of error was originally dismissed for want of jurisdiction. Thereafter we granted a writ of error in Shipley v. Southwestern Investment Co., Tex.Civ.App., 391 S.W.2d 457 (affirmed, Tex.Sup., 400 S.W.2d 304, a case involving the same basic question and which clearly is within our jurisdiction under Subdivision 1 of Article 1728. The mandate in the present cause was then recalled and petitioner's application for writ of error was granted in order that the cases might be considered together. Further review of the record and the authorities has confirmed our original opinion that we have no jurisdiction of this appeal and that the order dismissing the application for writ of error was proper.

■ The judges of the Court of Civil Appeals did not disagree in this case, and our jurisdiction, if it exists at all, must rest upon conflict as provided in Subdivision 2 of Article 1728. See Articles 1728 and 1821, Vernon's Ann.Tex.Civ.Stat.; International Harvester Co. v. Stedman, 159 Tex. 593, 324 S.W.2d 543; State v. Wynn, 157 Tex. 200, 301 S.W.2d 76. Petitioner asserts jurisdiction under Subdivision 2 and says that the holdings of the Court of Civil Appeals in the present case conflict with the following decisions: Knudsen v. J. I. Case Co., Tex.Civ.App., 86 S.W.2d 794 (no writ); and Pinkston-Hollar, Inc. v. Big Three Welding Supply Co., Tex.Civ. App., 378 S.W.2d 715 (no writ). When a conflict of decisions is made the basis of Supreme Court jurisdiction, the conflict must be such that one decision would operate to overrule the other in case they were both decided by the same court. International Harvester Co. v. Stedman, supra. "An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the de-

cision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and, unless this is so, there can be no conflict." Garitty v. Rainey, 112 Tex. 369, 247 S.W. 825, 827. It is essential, moreover, that such conflict appear on the face of the opinions themselves and that the same be specifically pointed out in the application for writ of error. State v. Wynn, supra. In determining our jurisdiction then, the holdings of the Court of Civil Appeals in this case and the decisions said to be in conflict therewith must be considered in the light of these rules.

Here the suit is on a note payable at Amarillo, Texas. Amarillo is the county seat of Potter County, but the parties stipulated and our courts also judicially know that the City is situated partly in Potter County and partly in Randall County. The Court of Civil Appeals held that venue is not maintainable in Potter County under Subdivision 5 of Article 1995, and the reasons for this holding are stated in the opinion as follows:

> "The agreement of appellant to make payment 'at Amarillo, Texas' did not designate a definite place in Potter County because it could be complied with by the performance of such promise in either Potter or Randall County. It was stipulated that portions of Amarillo are in Potter County, and portions thereof are in Randall County."

Knudsen was decided in 1935, and it was held there that venue of an action on a note payable at Amarillo, Texas, could be maintained in Potter County under the provisions of Subdivision 5. We are informed that Amarillo then lay partly in Randall County, but no mention of this is made in the opinion. The court merely stated that it judicially knew "that Amarillo, a county seat, is in Potter County," and said nothing to indicate that the city limits extended into another county. Although the court may have been mistaken as to the facts on which its decision was based, the opinion does not even suggest a holding that an obligation performable in a named city which lies in two counties will support venue in one of the counties under Subdivision 5 of Article 1995. .

Turning now to the other alleged conflict, no findings of fact, conclusions of law or statement of facts was brought forward on appeal in the present case. As pointed out by the Court of Civil Appeals, petitioner contended there that under these circumstances it should be presumed that the trial court found all facts necessary to support its judgment sustaining venue in Potter County. The intermediate court disposed of this counterpoint by saying:

> "We cannot agree with that contention. The authorities cited by appellee have no application in this case because appellee's pleadings setting out the note upon which the suit is based and the facts stipulated to by the parties are determinative of the disposition of the plea of privilege."

In *Pinkston-Hollar* venue in the county of suit was sustained by the trial court under Subdivision 5 of Article 1995. The defendant contended on appeal that this judgment could not be supported by two invoices attached to the plaintiff's pleadings. No findings of fact, conclusions of law or statement of facts appeared in the record, and the Court of Civil Appeals held that it would presume there was other and sufficient evidence to support the trial court's judgment. While the opinion indicates that the plaintiff had alleged a contract in writing, it does not otherwise disclose the nature of the suit or the allegations of the petition and controverting affidavit. We are unable to say from an examination of the opinions, therefore, that the decision conflicts with the holding of the Court of Civil Appeals in the present case that the pleadings and the facts stipulated by the parties are determinative of the appeal.

Our order granting the application for writ of error is set aside, and the application is dismissed for want of jurisdiction.