Howard **BOXWELL** et al., Petitioners,

v.

Donald **LADEHOFF**, Respondent.

No. A–10883.

Supreme Court of Texas.

March 2, 1966.

Monning & Monning, Amarillo, for petitioners.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for respondent.

WALKER, Justice.

Writ of error was granted in this venue case, but it is now our opinion that the application must be dismissed for want of jurisdiction. The suit was filed in the 108th District Court of Potter County by Howard E. Boxwell and Joe A. Allred, petitioners, against Donald Ladehoff, respondent. It is an action to enforce an alleged obligation in writing to deliver receipts from the sale of certain ensilage "to First National Bank at Amarillo, Texas." Respondent's plea of privilege to be sued in Oldham County, where he resides, was overruled by the trial court. The Court of Civil Appeals reversed such judgment and ordered the cause transferred to Oldham County. 390 S.W.2d 368.

The Court of Civil Appeals held that since Amarillo is situated in both Potter and Randall Counties, venue of the action cannot be sustained in Potter County under Subdivision 5 of Article 1995. Similar holdings were made in Shipley v. Southwestern Investment Co., Tex.Civ.App., 391 S.W.2d 457 (affirmed, Tex.Sup., 400 S.W.2d 304), and Wood v. John Farrell Lumber Co., Tex.Civ.App., 389 S.W.2d 133 (wr. dis., Tex.Sup., 400 S.W.2d 307). Writs of error were granted in the three cases to enable us to consider them at the same time. For the reasons set out more fully in John Farrell Lumber Co., v. Wood, Tex. Sup., 400 S.W.2d 307, we have concluded that the Supreme Court has no jurisdiction of the present appeal.

Petitioners assert jurisdiction under Subdivision 2 of Article 1728, and say that the holding of the Court of Civil Appeals in this case conflicts with the decision in Knudsen v. J. I. Case Co., Tex.Civ.App., 86 S.W.2d 794 (no writ). The court there stated that it judicially knew "that Amarillo, a county seat, is in Potter county." On the basis of that fact, it held that venue of a suit on an obligation performable at Amarillo, Texas, might be maintained in Potter County under Subdivision 5 of Article 1995. In the present case the Court of Civil Appeals judicially noticed that

Amarillo lies partly in Potter County and partly in Randall County, and on the basis of that fact held that venue cannot be sustained in Potter County under Subdivision 5 where the writing merely stipulates that the obligation is performable at Amarillo, Texas.

The two decisions are thus predicated on different facts, and on the face of the opinions there is no inconsistency in the holdings made. It is our understanding that Amarillo lay partly in Randall County when *Knudsen* was decided, but in determining the jurisdiction of the Supreme Court under Subdivision 2 of Article 1728 we are confined to a consideration of the opinions in the cases alleged to be in conflict. We would have jurisdiction here if the court in *Knudsen* had pointed out in its opinion that Amarillo was situated in two counties and then held that despite this fact venue was properly laid in Potter County under Subdivision 5 of Article 1995.

Our order granting the application for writ of error is set aside, and the application is dismissed for want of jurisdiction.