TEXAS WORKERS' COMPENSATION ASSIGNED RISK POOL, Appellant,

v.

PERRY–PACKARD COMPANY, et al., Appellees.

No. 13752.

Court of Appeals of Texas, Austin.

Nov. 17, 1982.

James H. Willman, Babb & Hanna, Austin, for appellant.

John T. Anderson, Graves, Dougherty, Hearon & Moody, Austin, for appellees.

Before SHANNON, POWERS and GAMMAGE, JJ.

SHANNON, Justice.

This is an appeal from an order granting appellees' pleas of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995 subdivision 5(a) (Supp.1981).

Appellant Texas Workers' Compensation Assigned Risk Pool sued appellees Perry-Packard Company and Collier Perry in the district court of Travis County for $10,-137.29 representing workers' compensation insurance premiums. Appellees filed pleas of privilege praying that the cause be transferred to Milam County, the county of their residence. Appellant filed controverting affidavits relying upon subdivision 5(a). After a bench trial, an order was signed sustaining appellees' pleas of privilege. We will reverse that judgment.

Texas Rev.Civ.Stat.Ann. art. 1995 subdivision 5(a) (Supp.1981) provides:

if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

Appellees agreed in the written contract as follows:

to pay as due, all monies for premiums under such policy to the Servicing Company, provided, however, that in the event of default on payment of any premiums due under any policy issued as a

result of this application all premiums due and unpaid at the option of the General Manager of the Pool shall become payable at the office of the Texas Workmen's Compensation Assigned Risk Pool, Austin, Travis County, Texas, and the undersigned [appellees] hereby promises and agrees to pay all such premiums at the office of the Pool.

In its single point of error, appellant claims the district court erred in sustaining the pleas of privilege because the written contract between the parties provided for performance in a particular county, Travis County, as required by subdivision 5(a).

Appellees argue that the contract provides for performance in one of two locations: (1) impliedly by operation of law in Milam County, their county of domicile or (2) in Travis County under the express provisions of the contract. Appellees claim, accordingly, that there were two particular counties in which suit could be brought at appellant's option and, as such, subdivision 5(a) was not applicable. We do not agree.

Payment in appellees' county of residence is implied in law; it is not particularly set out in the written contract. Furthermore, if appellees' argument were true, no suit would come within the provisions of subdivision 5(a) because one always has the option of bringing suit either in the defendant's county of residence or in the particular county where performance is called for. Therefore, the "option" complained of would always be present.

■ The critical language in subdivision 5(a) is that the contract must "expressly" name "a (one) particular county." In *Albin v. Hughes,* 304 S.W.2d 371 (Tex.Civ.App. 1957, no writ), it was held that the word "particular" means "separate; sole; single." Accordingly, where more than one county is expressly set forth in the contract, subdivision 5(a) does not apply. *Albin v. Hughes, supra; Southwestern Investment Co. v. Shipley,* 400 S.W.2d 304 (Tex.1966); *Dean v. Paula Stringer Realtors, Inc.,* 583 S.W.2d 954 (Tex.Civ.App.1979, no writ). Likewise, where the plaintiff has the option of bringing suit in any number of undeter-

mined counties, venue may not be sustained under subdivision 5(a). *Hibbler v. Walker,* 598 S.W.2d 19 (Tex.Civ.App.1980, no writ); *Sabine Production Co. v. Frost Nat. Bank,* 596 S.W.2d 271 (Tex.Civ.App.1980, no writ); *Magness v. Herider,* 392 S.W.2d 383 (Tex. Civ.App.1965, no writ); *Great Western Loan and Trust Co. v. Montgomery,* 376 S.W.2d 92 (Tex.Civ.App.1964, writ dism'd).

■ These cases are not determined upon the fact that an "option" was present in the contract. Instead, they are based on the fact that the plaintiff had an option to bring suit in two or more counties, whether those counties were particularly set out in the contract or left for future determination at the election of the payee. It should be observed that the option to require payment in the defendant's county of residence is not included when determining the number of options because that "option" is always present. If this "option" were counted, no contract provision, of course, would ever satisfy subdivision 5(a).

Furthermore, the two cases on point (a contract with no specific place of performance, but performable at plaintiff's option in *one* particular county) hold that the contract provision comes within the scope of subdivision 5(a). *Associates Development Corp. v. W.F. & J.F. Barnes, Inc.,* 614 S.W.2d 876 (Tex.Civ.App.1981, writ dism'd w.o.j.); *Hermer v. Monnig Dry Goods Co.,* 77 S.W.2d 895 (Tex.Civ.App.1934, no writ).

The judgment is reversed and the cause is remanded to the district court for trial.