JOE O. WILLIAMS, v. HON. W. O. MURRAY, CHIEF JUSTICE, ET AL

No. A-8656. Delivered October 18, 1961
350 S.W. 2d 332

*Alfred M. Scott, Charles L. Krueger,* Austin, for relator.

*Joe R. Blalack,* Longview, for respondents.

PER CURIAM.

In Williams v. Blalack, Tex. Civ App., 349 S.W. 2d 274, the judgment of the trial court sustaining a plea of privilege was affirmed by the Court of Civil Appeals. Relator, who was appellant in that cause, has now presented to the Supreme Court his motion for leave to file a petition for writ of mandamus to require the Justices of the Court of Civil Appeals to certify questions on the ground that their decision conflicts with the decisions of this Court and other Courts of Civil appeals.

Article 1821, Vernon's Ann. Tex. Civ. Stat., was amended in 1953 to provide that nothing therein should deprive the Supreme Court of jurisdiction of any case falling within the terms of either Subdivision 1 or Subdivision 2 of Article 1728, Vernon's Ann. Tex. Civ. Stat., and which was brought to the Court of Civil Appeals from an appealable judgment of the trial court. If the decision of the Court of Civil Appeals mentioned above does conflict with a prior decision of another Court of Civil Appeals or the Supreme Court as contended by relator, the Supreme Court has writ of error jurisdiction of the case. See Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W. 2d 706; Hammonds v. Hammonds, 155 Tex. 207, 285 S.W. 2d 362; State v. Wynn, 157 Tex. 200, 301 S.W. 2d 76. Mandamus will not issue to require certification of questions in a case which can reach us by writ of error. Joseph Zukin of California v. Archer, 150 Tex. 158, 238 S.W. 2d 171. The motion for leave to file a petition for writ of mandamus is accordingly overruled.