WHITAKER OIL COMPANY, Appellant,

v.

Travis WARD, Appellee.

No. 170.

Court of Civil Appeals of Texas.

Tyler.

Dec. 30, 1965.

S.W.2d 863, no wr. hist., are two such cases.

Fred Whitaker, Whitaker & Lee, Carthage, for appellant.

Willis D. Moore, Moore & Holland, Athens, for appellee.

DUNAGAN, Chief Justice.

Appellant has filed herein a motion to certify questions to the Supreme Court because of a conflict of decisions. Rule 462, Texas Rules of Civil Procedure.

As grounds therefor, the appellant makes the following allegation:

"That heretofore on the 4th day of November, 1965, this Honorable Court did hand down a decision in this cause affirming the order of the trial court overruling appellant's motion to vacate the order appointing the receiver to take over the control and management of the property in controversy; that within 15 days of the rendering of said judgment of this court, the appellant herein filed its motion for a rehearing, the same being filed on the 18th day of November, 1965, which said motion was overruled by this court without a written opinion filed on the 2nd day of December, 1965; that this cause, being an appeal from the order of the trial court appointing a receiver, is one of which the jurisdiction of the Court of Civil Appeals is final and in which no writ of error or other method of appeal can be employed by appellant by which the case can reach the Supreme Court of the State of Texas; and that the original opinion as rendered by this court and filed by it and overruling appellant's motion for a rehearing are in direct conflict with decisions handed down by other Courts of Civil Appeals on the receivership phase of the case and right of appellant to appeal from order of the trial court refusing to vacate the receivership."

This motion cannot be granted, for, if there be a conflict of decisions, the Supreme Court has jurisdiction of this cause upon writ of error. Bostwick v. Bucklin, 190 S.W.2d 818, (Tex.Civ.App.) 1945, n.w.h., and the authorities therein cited. Also see Coleman v. Ammons, 249 S.W.2d 1014, 1024, (Tex.Civ.App.) 1952, n.w.h.

The Supreme Court in Joseph Zukin of California v. Archer, Chief Justice et al., 150 Tex. 158, 238 S.W.2d 171, had before it a motion for leave to file a petition for mandamus to compel the Honorable Court of Civil Appeals, Third Supreme Judicial District, to certify certain questions of law to it for decision. The grounds of jurisdiction alleged in the petition for writ of mandamus accompanying the motion were that the amount in controversy being less than $1,000.00, the case was one in which the jurisdiction of the Court of Civil Appeals was final and in which no writ of error or other method of appeal could be employed by which the case could reach the Supreme Court, and that conflicts existed between the decision of the Court of Civil Appeals in this case and the decisions of various other appellate courts. The court in overruling the motion said:

"* * * Because of the frequency with which motions of this character are filed here, we deem it desirable to announce again the general rule, applicable to cases in which jurisdiction depends upon the amount in controversy that, if conflicts exist warranting the issuance of a writ of mandamus to com-

pel the certification of questions, this court would have jurisdiction to grant an application for a writ of error, Rev. Stat. art. 1728, Vernon's Ann.Civ.St. art. 1728, and will not issue a writ of mandamus in a case which could reach it by writ of error. Duval v. Clark, 138 Tex. 186, 157 S.W.2d 626; Simpson v. McDonald, 142 Tex. 444, 179 S.W.2d 239."

In the case of Williams v. Murray, Chief Justice et al., 162 Tex. 616, 350 S.W.2d 332, 1961, in overruling the motion for leave to file a petition for writ of mandamus to require the Court of Civil Appeals to certify questions on the ground that their decision conflicts with other Courts of Civil Appeals and the Supreme Court, the court held:

Article 1821, Vernon's Ann.Tex.Civ. Stat., was amended in 1953 to provide that nothing therein should deprive the Supreme Court of jurisdiction of any case falling within the terms of either Subdivision 1 or Subdivision 2 of Article 1728, Vernon's Ann.Tex.Civ. Stat., and which was brought to the Court of Civil Appeals from an appealable judgment of the trial court. If the decision of the Court of Civil Appeals mentioned above does conflict with a prior decision of another Court of Civil Appeals, or the Supreme Court as contended by relator, the Supreme Court has writ of error jurisdiction of the case. See Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706; Hammonds v. Hammonds, 155 Tex. 207, 285 S.W.2d 362; State v. Wynn, 157 Tex. 200, 301 S.W.2d 76. Mandamus will not issue to require certification of questions in a case which can reach us by writ of error. Joseph Zukin of California v. Archer, 150 Tex. 158, 238 S.W.2d 171. * * *"

The material provisions of Article 1728, Vernon's Ann.Civ.Stat. pertinent to the question before this court read:

"The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State, extending to all questions of law arising in the following cases when same have been brought to the Courts of Civil Appeals from appealable judgments of trial courts:

"1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court upon any question of law material to to a decision of the case."

Appellant's motion to certify is overruled.

MOORE and SELLERS, JJ., concur.