**Joe R. KAUFMANN, Appellant,**

v.

**James Richard McKISSACK, Appellee.**

No. 4841.

Court of Civil Appeals of Texas.
Waco.

Oct. 9, 1969.

Rehearing Denied Oct. 30, 1969.

Brown, Kennedy & Hill, Paul Brown, Sherman, for appellant.

Larry S. Parnass, Thomas R. Hartnett, III, and James G. Clement, Irving, for appellee.

OPINION

WILSON, Justice.

Defendant's plea of privilege was overruled and he appeals. Plaintiff's petition alleged an agreement whereby he and defendant were to divide any profit from corporate stock transactions, and sought recovery of asserted profits with an injunction restraining transfer of stock. He pleaded "that under the letter agreement between plaintiff and defendant, plaintiff is entitled to one-half of the profits". The pleading did not allege the terms of the letter. An accounting was demanded.

Plaintiff's controverting plea averred that his action was "for an accounting pursuant to a written agreement" by which defendant promised to render an accounting to plaintiff in Dallas County. Venue was asserted to be maintainable under subd. 5, Art. 1995, Vernon's Ann.Civ.St.

Plaintiff introduced in evidence at the hearing on the plea a letter evidencing an agreement by which defendant would sell collateral securing notes at public sale at the Dallas County court house, and would attempt to collect other funds. It recited: "After this effort has been put forth, I will apply the funds collected, first to payment of reasonable and necessary expenses incurred in the collection of such funds and the remainder to your notes. I will then

look to you for any remaining balance that may be due on your notes".

Plaintiff apparently contends there is an agreement implied in the letter that an accounting should be had in Dallas County.

 An essential venue fact under subd. 5 of Art. 1995 is that defendant has contracted in writing to perform the specific obligation sued on in the county of suit, expressly naming that county or a definite place therein in the contract. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Williams v. Blalack, Tex.Civ.App., 349 S.W.2d 274, mand. den., 162 Tex. 616, 350 S.W.2d 332.

The letter which is relied on to maintain venue in Dallas County refers to that county only in connection with a note, not the subject matter of the suit, and in connection with the public sale of property. Neither of these is the obligation sued upon. There is no agreement, directly, or by implication, to perform any obligation sued on in Dallas County. The judgment is reversed. The temporary injunction which was granted is dissolved. Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830. The cause is ordered transferred to the district court of Grayson County, Texas.