INDUSTRIAL HANDLING ENGINEERS,
INC., Appellant,

v.

ELECTRO FILM, INC., Appellee.

No. 18765.

Court of Civil Appeals of Texas,
Dallas.

Jan. 29, 1976.

Rehearing Denied Feb. 26, 1976.

Michael Connelly, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Schuyler B. Marshall, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This appeal is from an order of the district court of Dallas County, Texas, overruling the plea of privilege of appellant Industrial Handling Engineers, Inc. Electro Film, Inc. sued Industrial Handling Engineers, Inc. and Litton Systems, Inc., seeking damages for breach of contract. Industrial Handling Engineers, Inc. filed a plea of privilege asserting its right to be sued in the county of its residence, Harris County, Texas. Litton answered but did not controvert Industrial's plea of privilege. Electro Film, Inc. filed a controverting plea and an affidavit which incorporated its petition and asserted that the suit was properly brought in Dallas County pursuant to subdivisions 5(a), 7, 23, 27 and 29a of Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964). Following a hearing on the venue question, the trial court overruled the plea of privilege, and Industrial Handling Engineers, Inc. perfected this appeal.

We affirm the judgment of the trial court. The record shows that Electro Film, Inc. proved its right to litigate this suit in Dallas County based upon subdivision 23 of the venue statute.

In its petition, Electro Film, Inc. alleged that it was a Texas corporation with its principal place of business in Dallas County, Texas, and that it engages in the business of purchasing film from which it extracts silver and other elements which are sold in purified form. As a part of its business, the corporation requires an operable conveyor system to transport the raw film about its premises. It pleaded that in the fall of 1973, it was contacted in Dallas County by one or more agents of Industrial Handling Engineers, Inc., who represented that they could furnish a properly designed

conveyor system, which they could install in a proper and workmanlike manner. Relying upon these representations, Electro Film entered into a written contract with Industrial, agreeing that the conveyor system was to be installed in Electro Film's office in Dallas County, Texas. It alleged also that after being installed, the conveyor system was defective and did not operate as had been represented. As a result of Industrial's failure and refusal to remedy the defects or to remove the conveyor system, Electro Film was forced to remove the system at its own expense and install a new system. It pleaded, finally, that damages were sustained as a result of the breach of contract.

At the venue hearing, the written contract between Electro Film and Industrial was introduced into evidence and showed that it was executed in Dallas County, Texas, on September 28, 1973. It was signed by W. L. Schaulin on behalf of Industrial. There was testimony that Mr. Schaulin lived in Dallas and was an engineer and employee of Industrial in their Dallas office. Mr. Schaulin had carried on the negotiations with Electro Film. Other testimony showed conclusively that the conveyor system was installed in Dallas County, Texas, at Electro Film's place of business, and that after installation, the system did not operate properly. For example, the tubes that were to carry the chains and the clutches on the drive mechanism failed. When notified of the defect in the system, Industrial attempted unsuccessfully, to repair the equipment. The contract contained a number of warranties, including (1) "equipment to be free from defects in workmanship and material" and (2) seller would conduct a "final test of system under operating conditions with purchaser's product being handled." Testimony was introduced to show that both of these warranties were breached. In addition, testimony of the amount of damage sustained by the purchaser as a result of the breach of the contract was introduced.

In oral argument before this court, attorneys for appellee Electro Film, Inc. conceded that the only subdivisions of article 1995 upon which they relied to maintain venue in Dallas County, Texas, were subdivisions 5(a) and 23.

■ Venue is not properly in Dallas County by virtue of subdivision 5(a). This exception to the general venue rule is express in its terms that: "Subject to the provisions of subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." For subdivision 5(a) to be applicable here, the contract between Industrial and Electro Film must expressly name Dallas County, Texas, or a specific place therein, as the county of performance. *Southwestern Investment Co. v. Shipley,* 400 S.W.2d 304, 307 (Tex.1966); *Rorschach v. Pitts,* 151 Tex. 215, 248 S.W.2d 120, 123 (1952); *Owens v. Sherrard Motor Co.,* 496 S.W.2d 113, 114 (Tex.Civ.App.— Tyler 1973, no writ). Under subdivision 5(a), the place of performance cannot be fixed by implication. *Burtis v. Butler Bros.,* 148 Tex. 543, 226 S.W.2d 825, 828 (1950); *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610, 613 (1948). The contract in this case shows on its face that the place of performance is not specifically designated therein. The contract begins:

TO: Electro Film, Inc.
    221 Garvon
    Garland, Texas

The contract also provides that the equipment purchased shall be installed. These two provisions within the contract do not satisfy the requirements that the place of performance be expressly named in the contract.

■ However, the record shows that Electro Film proved venue is proper in Dallas County under subdivision 23. This exception to the general venue rule provides

that suits against a private corporation may be brought in the county in which its principal office is situated; in the county in which the cause of action or a part thereof arose; in a county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided that the corporation has an agency or representative in that county. Industrial first contends that subdivision 23 is inapplicable because Electro Film failed to prove that Industrial has an agency or representative in Dallas County, where the suit was instituted. The record contains testimony that Industrial maintained a place of business and office in Dallas County, Texas, and that Mr. Schaulin negotiated and executed the contract in Dallas County on behalf of Industrial. However, we will not discuss whether Schaulin was the agent of Industrial for purposes of subdivision 23 because we do not reach that question. Electro Film has proved by a preponderance of the evidence that its cause of action against Industrial arose in Dallas County. The provision of subdivision 23 that suits against a private corporation may be brought "in the county in which the cause of action or part thereof arose" does not require that a corporation have an agency or representative in the county in which the cause of action, or part thereof, arose. *Crown Sash & Door, Inc. v. Steves Sash & Door Co.,* 511 S.W.2d 603, 605 (Tex.Civ.App.—San Antonio 1974, no writ); *Anderson Co. v. South Texas Planting Seed Ass'n,* 472 S.W.2d 592, 594–95 (Tex.Civ.App.—Corpus Christi 1971, no writ). Proof by a preponderance of the evidence that the cause of action against the corporation arose in the county where suit is brought is alone sufficient to justify venue under subdivision 23.

The testimony is uncontroverted that the contract between the parties was made and signed in Dallas County, Texas; that the conveyor system was delivered to Electro Film in Dallas County, Texas; that the equipment was defective and not as represented; and that Industrial failed or refused to carry out its agreement to remedy the defects. It is also not disputed that the written agreement contained express warranties concerning the function and performance of the equipment. These express warranties were breached by Industrial. Finally, the testimony is undisputed that Industrial sustained monetary damage as a result of the failure of the equipment to perform and the cost of removing the system. Thus all the elements of a breach of contract in Dallas County were proved, and subdivision 23 was applicable. *Delhi Gas Pipeline Corp. v. Allgood,* 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ); *Inwood National Bank v. First Bank & Trust,* 485 S.W.2d 842 (Tex.Civ.App.—Waco 1972, no writ); *Taylor-Evans Seed Co. v. Hart,* 420 S.W.2d 138 (Tex.Civ.App.—Amarillo 1967, no writ).

The judgment of the trial court is affirmed.