COUCH MORTGAGE COMPANY, Appellant,

v.

James L. ROBERTS, Appellee.

No. 16763.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Carl, Lee & Fisher, Robert H. Fisher, Houston, for appellant.

E. W. Newman, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order overruling a motion to set aside the appointment of a receiver. The order entered by the trial court will be affirmed.

This action was initiated by a minority stockholder. He sought the appointment of a receiver for Homefinders Real Estate, Inc. for the purpose of winding up its affairs. After notice to the corporation and a hearing the court appointed Jon Hughes receiver for the corporation.

O. Dean Couch, Jr., doing business as Couch Mortgage Company, was the owner of certain notes secured by mortgages on certain properties owned by the corporation. Couch Mortgage was informed of the action of the court in appointing the receiver on May 25, 1976, and the next day filed a motion to set aside the order. The motion to set aside was heard by the court on June 1, 1976, and an order was entered overruling the motion. An appeal was perfected in this court within twenty days from the date the order appointing the receiver was entered.

Homefinders Real Estate, Inc. was engaged in the business of buying mortgaged real estate which it resold on a contract for deed. Homefinders would make the payments on the notes out of the installment payments made by the purchasers under the contracts for deed. It appears that for several months prior to the institution of this action Homefinders had collected installments from their vendees but had failed to make payments on the notes. As a result Couch Mortgage Company and others were threatening foreclosure on the real estate which Homefinders had sold on contracts for deeds.

Couch Mortgage Company was not a party to this suit at the time the hearing was held and the receiver appointed. In its motion to set aside the receiver Couch Mortgage pointed out that the order entered by the court appointing the receiver recited the necessity for appointment of a receiver under Article 7.05 of the Business

Corporation Act and that the Act provides for the appointment of a receiver to rehabilitate the corporation, relief which the minority stockholder did not specifically seek by the petition on the basis of which the receiver was appointed. On June 3, 1976, after the hearing on the motion to set aside, but before the rendition of judgment, the plaintiff with leave of court filed a trial amendment alleging that with the aid of a receiver the corporation could be rehabilitated and also alleging that insolvency was imminent for the corporation if the mortgages on the real estate owned by the corporation were foreclosed. The trial amendment also alleged that the officers of the corporation had abandoned their duties in the operation of the corporation.

The corporation did not appeal from the order appointing the receiver. Couch Mortgage alleges that the order should be set aside because the mandatory provisions of the Texas Business Corporation Act were not complied with in making the appointment. Other points presented by Couch are that the plaintiff offered no evidence of any statutory or equitable grounds for the appointment of a receiver and in the alternative that the evidence was insufficient to establish any right to a receiver.

■ None of the points requiring a review of the evidence can be sustained. The statement of facts brought up in connection with this appeal is certified to constitute a correct statement of the evidence adduced upon the motion to set aside the order appointing the receiver. There is no statement of the evidence before the court at the hearing as a result of which the receiver was appointed. One witness purported to summarize the testimony which he gave at that hearing. While it is not clear that the testimony of this witness was the only evidence introduced at the hearing, even if this were true such testimony would not constitute a statement of facts which could be used on an appeal from the order appointing the receiver. Rule 377, Texas Rules of Civil Procedure.

■ When an appellate court is called on to revise a ruling of the trial court, it must do so on the record before that court when the ruling was made. A party to a suit will not be permitted to try his case in the appellate court on a statement of facts that does not accurately reflect the evidence presented in the trial court. *Stephens County v. J. N. McCammon, Inc.*, 122 Tex. 148, 52 S.W.2d 53 (1932).

Where no statement of facts accompanies the record before the court of civil appeals, such court cannot determine questions based upon the sufficiency of the evidence. *Guerra v. Guerra*, 362 S.W.2d 421 (Tex.Civ. App.—Austin 1962, no writ history).

■ Rule 695, Texas Rules of Civil Procedure, provides in part that no receiver shall be appointed to take charge of real estate unless notice of the hearing has been given to the adverse party at least three days prior to the hearing. Couch was given no notice of the hearing in this case. Homefinders Real Estate, Inc. and Ronald Staggs, vice president of said corporation, and named defendants in this case were given more than three days' notice of the hearing on the application for appointment of the receiver. Notice to the defendants in the action constitutes notice to the adverse party as required by the rule. *Ripy v. Redwater Lumber Co.*, 48 Tex.Civ.App. 311, 106 S.W. 474 (1907, no writ).

■ Moreover, by filing this motion to vacate Couch Mortgage has waived any right which it might have had to receive notice of the hearing. *Best Investment Company v. Whirley*, 536 S.W.2d 578 (Tex. Civ.App.—Dallas 1976, no writ history); *Whitaker Oil Co. v. Ward*, 396 S.W.2d 158 (Tex.Civ.App.—Tyler, no writ hist., motion to certify overruled 398 S.W.2d 155); *Lacey v. Dayton Rubber Mfg. Co.*, 270 S.W. 916 (Tex.Civ.App.—San Antonio 1925, writ dism'd).

Couch contends that even as amended, the plaintiff's petition fails to particularize statutory or equitable grounds upon which an application for receivership can properly be based.

■ The plaintiff's petition will be construed as favorably as possible for the

pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated. The Rules of Civil Procedure are employed uniformly in all civil cases. *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594 (Tex.1963).

■ Applying these rules to the petition filed by the plaintiff in this case, we find the petition to be sufficient to allege a cause of action under Article 7.05 of the Texas Business Corporation Act for the appointment of a receiver to rehabilitate the corporation.

■ Article 7.05, supra, sets out in detail various matters which must be proven before the district court is authorized to appoint a receiver for the purpose of rehabilitating a corporation. In this case there is a presumption that all of these matters have been found by the trial court in such manner as would support the judgment rendered by the court and that the findings were based on evidence presented to the court at the hearing which was not reported. A cautious attorney would allege all facts which the Act requires that he prove. Nevertheless, a failure to allege certain matters, as for instance that "all other requirements of the law were complied with," or that "all other remedies available either at law or in equity are inadequate," would not require the dissolution of the receivership on motion to vacate.

■ A motion to vacate must be based on some new matter previously unknown to the trial court relating to the propriety of entering the order appointing a receiver or a fundamental error that renders the order void. *Whitaker Oil Co. v. Ward*, 396 S.W.2d 158 (Tex.Civ.App.—Tyler 1965, no writ hist., motion to certify denied 398 S.W.2d 155).

■ A judgment not based upon any pleading is void. A judgment based upon a petition which is merely lacking in allegations of fact sufficient to fully state a cause of action is not void. If the petition states the nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction, it invokes the active jurisdiction of the court, and its sufficiency is a matter for determination by the trial judge. In rendering a judgment based upon the petition the trial court has passed upon the sufficiency of the petition and an error in that regard would not render the judgment void. It is not necessary to rely on the trial amendment to sustain this action by the court. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232 (1958); *Ex parte Edmonds*, 383 S.W.2d 579 (Tex.1964).

The proceedings in the trial court in this case were not void, and in the absence of a statement of facts we cannot determine whether or not as a basis for the motion to vacate Couch Mortgage presented to the trial court a fact previously unknown to it relating to the propriety of entering the order appointing the receiver. The trial court did not err in overruling the motion to vacate.

The order of the trial court from which this appeal is taken is affirmed.