**Wilma F. DEAN, Appellant,**

v.

**PAULA STRINGER REALTORS, INC., Appellee.**

**No. 19923.**

Court of Civil Appeals of Texas, Dallas.

July 2, 1979.

John E. Wright, Huntsville, for appellant.

J. Frank Kinsel, Jr., Hoppenstein & Prager, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

AKIN, Justice.

This is a venue appeal from an order overruling defendant's plea of privilege under Tex.Rev.Civ.Stat.Ann. art. 1995(5a) (Vernon Supp.1978–79). Appellee Paula Stringer Realtors sued defendant on a written contract for a real estate commission on the sale of defendant's former residence in Collin County. This contract provided that the commission was payable in Dallas County. Defendant filed a plea of privilege to be sued in Bell County, her present domicile. At the venue hearing, the parties stipulated the facts upon which the trial judge rendered his decision overruling the defendant's plea. One of the documents included within the stipulation was a contract identical to the one sued upon by plaintiff except that it specified payment of the commission in Collin County and required defendant to list the property with the Real Estate Board of Collin County. This second contract was executed so that the property would be included in the Collin County multiple listing service. In the trial court and on appeal, defendant contends that there was only one obligation to pay a commission, but the obligation was payable, by virtue of the two contracts, in Dallas County and in Collin County. Consequently, appellant argues that subdivision 5(a) of article 1995 is inapplicable. We agree. Accordingly, we reverse the order of the trial judge and sustain the plea of privilege.

Tex.Rev.Civ.Stat.Ann. art. 1995(5a) (Vernon Supp.1978–79) provides:

> [I]f a person has contracted in writing to perform *an obligation* in a particular *county, expressly naming such county, or a definite place therein,* by such writing, *suit upon or by reason of such obligation* may be brought against him, either *in such county* or where the defendant has his domicile. [Emphasis added.]

Appellee-plaintiff argues that subdivision 5(a) applies because it sued on the contract payable in Dallas County and thus the county designated in that contract is the county in which the obligation is payable. Appellee urges that the separate contract designating Collin County as the place of payment was executed solely for the purpose of using plaintiff's membership with the Collin County multiple listing service to list the property with realtors in Collin County and was not intended to fix venue in Collin County.

We agree with appellant that there is but one obligation to pay a commission on the sale of the property in question. Regardless of the reason for executing two almost identical contracts, the two contracts obligating the defendant to pay a real estate commission must be read together, and, consequently, to provide for payment of the obligation in either Dallas County or Collin County. A contract providing for payment in more than one county is not performable "in a particular county" within subdivision 5(a). *Albin v. Hughes,* 304 S.W.2d 371 (Tex.Civ.App.—Dallas 1957, no writ). Accordingly, the order of the trial court is reversed and this cause is transferred to Bell County.