**Dolores GARCIA and Olga Garcia, Appellants,**

v.

**DISCROBIS OIL COMPANY, INC., and Douglas Weatherston, Appellees.**

No. 16533.

Court of Civil Appeals of Texas, San Antonio.

Feb. 11, 1981.

Victor M. Carrera and William E. Corcoran, Cardenas & Whitis, McAllen, for appellants.

James R. Mardis and Ferriel C. Hamby, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a venue action involving Subdivision 5 of Article 1995, Texas Revised Civil Statutes. Plaintiffs, Dolores and Olga Garcia, brought suit in Brooks County, Texas, against Discrobis Oil Company, Inc., and Douglas Weatherston, seeking damages for the death of two cows which allegedly fell into an open excavation left on plaintiffs' property by defendants. Defendants filed pleas of privilege to be sued in the counties of their residence. Plaintiffs filed a controverting affidavit asserting that venue lies in Brooks County, Texas, under Subdivisions 5 and 9 of Article 1995. After a hearing, defendants' pleas of privilege were sustained by the trial court.

On this appeal plaintiffs rely only on Subdivision 5 of Article 1995 to sustain venue in Brooks County, asserting that the trial court erred in finding that there was no contract in writing requiring defendants to perform certain obligations sued upon by plaintiffs in Brooks County, Texas. Dolores and Olga Garcia purportedly are the surface owners of the land involved, and Hector and Gloria Lopez own the mineral estate under the land involved. The Lopezes as lessor gave an oil and gas lease to Douglas Weatherston as lessee covering lands in Brooks County, Texas, which lease was assigned to Discrobis Oil Company, Inc.

The oil and gas lease contains the following provisions:

> Lessee shall pay Lessor, or the owner of the surface, at the county of its residence, its heirs and assigns, for any and all damage done to land and water wells when it or they cannot be repaired, for usage of more land than is reasonably necessary to its operations hereunder, for damage by salt water or chemicals and for damage done to fences, pastures, roads, livestock, pollution of fresh water bearing aquifers, improvements, crops, seeded grasses growing thereon, and/or other property therein situated or located and its negligent and/or constractual [sic] acts and omissions occasioned by, arising out of or resulting from its operation hereunder.

The only issue involved on this appeal is whether the lease provision above quoted under which plaintiffs seek damages falls within the provisions of Article 1995, Subdivision 5. The applicable portion of Subdivision 5 provides as follows:

> 5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be

**266**

brought against him, either in such county or where the defendant has his domicile.[1]

■ The venue facts which must be alleged and proved under such subdivision are: (1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant or one authorized by him; and (4) that the contract by its terms provides performance of the obligation sued upon in the county of suit. *General Motors Corp. v. Brady*, 477 S.W.2d 385 (Tex.Civ.App.—Tyler 1972, no writ); 1 R. McDonald, Texas Civil Practice § 4:11.1 (1965). The essential venue facts to be proved under such subdivision are that the defendant contracted in writing to perform the obligations sued upon in the county of suit expressly naming that county or a definite place therein in the contract, and Subdivision 5 is not invoked unless this is done. *Harkness v. Employers National Insurance Co.*, 502 S.W.2d 670 (Tex.1973); *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698 (1942); *Gant Cooley Cotton Co. v. Thoms*, 500 S.W.2d 537 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Kaufmann v. McKissack*, 446 S.W.2d 329 (Tex.Civ.App.—Waco 1969, no writ); *Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd).

■ Under Subdivision 5, the place of performance cannot be fixed by implication. *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610 (1948); *Snyders Smart Shop, Inc. v. Santi, Inc.*, 590 S.W.2d 167 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Industrial Handling Engineers, Inc. v. Electro Film, Inc.*, 534 S.W.2d 346 (Tex.Civ.App.—Dallas 1976, no writ).

■ The contract's provision relied on by plaintiffs makes the obligation of the lessee to pay for damages caused by his operations under the lease performable at the county of the residence of the lessor (Lopezes) or of the surface owners (Garcias). The lease nowhere states where the residence of the either the Lopezes or Garcias is. In fact the lease does not refer to the Garcias at all. Plaintiffs made no attempt whatsoever to prove where their residence was. Although the land is located in Brooks County, Texas, this is not a Subdivision 14 venue case, and plaintiffs are relying solely on the provisions of Subdivision 5(a) to maintain venue in Brooks County. The mere fact that the land is located in Brooks County is not sufficient to prove venue in that county under Subdivision 5(a).

Although appellants apparently are the surface owners of the land, the suit herein is not to recover for damages to surface of the land, but for damages arising from the death of two cows on the premises. The only testimony as to the ownership of the cows came from a witness for plaintiffs, Marcario Rodriguez, Jr., who testified that the cows were owned by Eligio Garcia, Inc.

■ It is clear from the lease provision here involved that the lease allows for the possibility of payment in more than one county. The lease allows the possibility of payment in a county other than Brooks. Moreover, there was no attempt to prove the place of residence of the Garcias or the Lopezes. A contract providing for payment in more than one county is not performable "in a particular county" within the meaning of Subdivision 5. *Sabin Production Co. v. Frost National Bank*, 596 S.W.2d 271 (Tex. Civ.App.—Corpus Christi 1980, writ dism'd); *Dean v. Paula Stringer Realtors, Inc.*, 583 S.W.2d 954 (Tex.Civ.App.—Dallas 1979, no writ); *Albin v. Hughes*, 304 S.W.2d 371 (Tex.Civ.App.—Dallas 1957, no writ).

We are not here passing on the merits of the case or any cause of action which appellants might be able to prove on a hearing on the merits. This is a venue action, and all we are here saying is that in this venue action appellants wholly failed to plead or prove the necessary venue facts to maintain venue in Brooks County, Texas. Under the record before us venue is not maintainable in Brooks County, Texas.

The judgment of the trial court is affirmed.

---

1. Subsection 5(b) is not here applicable.